**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4337**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRUCE LEE RICHARDSON, a/k/a Chino,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (2:06-cr-00010-1)

———————

Submitted:  January 18, 2008        Decided:  February 11, 2008

———————

Before GREGORY and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

M. Victoria Jayne, Hickory, North Carolina, for Appellant.  Donald David Gast, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On September 12, 2005, Bruce Lee Richardson and Alberto Aleman entered the Champion Credit Union, displaying handguns. The pair ordered bank personnel to get on the ground, then jumped over the counter and stole $16,887.23. Three months later, on December 19, 2005, Richardson and Aleman entered the United Community Bank, again displaying handguns. As in the earlier robbery, Richardson and Aleman ordered customers and bank personnel to the ground at gunpoint, then jumped over the counter, stealing $30,344. Richardson was ultimately charged, along with two others, in a nineteen count indictment with various bank robbery and firearms counts. Pursuant to a plea agreement, Richardson pled guilty to two counts of bank robbery by force, violence and intimidation, in violation of 18 U.S.C.A. § 2113(a) (West 2000 and Supp. 2007), and to two counts of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C.A. § 924(c)(1)(A)(ii) (West 2000 and Supp. 2007).

Prior to Richardson's sentencing, the probation office prepared a presentence report. The probation officer determined that, for both bank robbery counts, Richardson had a base offense level of twenty. This was increased two points for each count because the property of a financial institution was taken and two points were added because bank personnel were restrained in order to facilitate the offenses. One point on both counts was also

added due to the amount of loss and an additional two points were added under U.S. Sentencing Guidelines Manual § 3D1.4. Richardson received a three point reduction for acceptance of responsibility, for a total offense level of twenty-four. Richardson's offense level combined with a criminal history category of III resulted in an advisory guidelines range on the bank robbery counts of 63 to 78 months' imprisonment.

Prior to Richardson's sentencing, the Government filed a motion pursuant to § 5K1.1 of the guidelines, recommending that Richardson be granted a downward departure due to his substantial assistance in testifying against a co-defendant. The Government recommended a ten level departure from an offense level of twenty-four to an offense level of fourteen. The adjusted offense level and criminal history score resulted in an advisory guidelines range of 21 to 27 months' imprisonment. In accordance with the Government's motion and recommendation at sentencing, the district court sentenced Richardson to twenty-one months' imprisonment on both bank robbery counts, to be served concurrently, and to seven years on the first § 924(c) violation and twenty-five years on the second § 924(c) violation, to be served consecutively. Richardson timely noted an appeal and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).* In his brief, Richardson

---

*Richardson was informed of his right to file a pro se supplemental brief. He has elected not to do so.

contends that imposition of a twenty-five year sentence for his second conviction under § 924(c) was excessive or disproportionate.

According to 18 U.S.C. § 924(c)(1)(C)(I), a defendant convicted of a second or subsequent offense of using or carrying a firearm during and in relation to a crime of violence "shall . . . be sentenced to a term of imprisonment of not less than 25 years." 18 U.S.C. § 924(c)(1)(C)(I). A district court is required to impose a sentence of at least twenty-five years for a second § 924(c) conviction, unless the Government files a motion requesting the court to impose a lesser sentence so as to reflect a defendant's substantial assistance. 18 U.S.C.A. § 3553(e) (West 2000 and Supp. 2007). Here, although the Government filed a motion pursuant to USSG § 5K1.1 to reduce Richardson's sentence due to his substantial assistance, the Government specifically limited its motion to Richardson's bank robbery convictions. Accordingly, the district court was without authority to impose a lesser sentence on Richardson's second § 924(c) conviction.

To the extent Richardson complains that his twenty-five year sentence is disproportionate or unconstitutional, his contention is without merit. After United States v. Booker, 543 U.S. 220 (2005), a sentencing court must engage in a multi-step process at sentencing. After calculating the correct advisory guidelines range, the sentencing court must consider the guidelines range, any relevant factors set forth in the guidelines, and the

- 4 -

factors in 18 U.S.C.A. § 3553(a) (West 2000 and Supp. 2007); then the court may impose sentence. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).

On appeal, this court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006). A post-Booker sentence may be unreasonable for procedural or substantive reasons. However, a sentence that falls within a properly calculated advisory guidelines range is presumed to be reasonable. Rita v. United States, 127 S. Ct. 2456, 2462 (2007).

At sentencing, the district court properly calculated Richardson's advisory guidelines range and then, pursuant to the § 5K1.1 motion, reduced his offense level ten points, resulting in a range of 21 to 27 months' imprisonment. Prior to sentencing Richardson, the district court specifically considered the advisory nature of the guidelines and the factors in § 3553(a). The court then imposed a sentence at the bottom of Richardson's advisory guidelines range on his bank robbery convictions and a sentence in conformity with the statutory requirements of § 924(c) on the firearms convictions.

Additionally, Richardson's sentence was substantively reasonable. Richardson received a total sentence of twenty-one months' imprisonment to be served concurrently on two bank robbery

convictions that the Assistant United States Attorney described as "the most violent bank robberies that I've had occasion to deal with since becoming a federal prosecutor." As noted in the presentence report, during each robbery, customers and bank personnel were ordered to the ground at gunpoint. Accordingly, Richardson's challenge to his sentence is without merit.

Finally, Richardson argues that "the parties did not stipulate that a firearm was used, brandished, or discharged" and that at sentencing "no evidence was presented that Mr. Richardson ever brandished or (sic) firearm or made threats of death or exerted force towards another person." At sentencing, Richardson specifically stipulated to the information in the presentence report as establishing a factual basis for the charges to which he pled guilty. According to the presentence report, Richardson brandished a firearm during each of the bank robberies. Accordingly, the district court did not err in imposing a seven year sentence for Richardson's first § 924(c) conviction. See 18 U.S.C. § 924(c)(1)(A)(ii).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Richardson, in writing, of the right to petition the Supreme Court of the United States for further review. If Richardson requests that a petition be filed, but

counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Richardson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED